By the Court, Jones, J.
Were it not for the words “being to the middle of a certain brick wall or fence running across the rear of the lots hereby conveyed,” contained in the 7th course, and the words “ along the middle of said wall or fence ” in the 8th course, there would be no difficulty in determining this case adversely to the report of the referee. For, in that case, under the proper construction of the deed, the land intended to be conveyed would be described by such certain and unambiguous courses and distances as to exclude any proof of acts, user or declarations to alter any of the boundaries given by the deed, unless such acts and user amounted to proving adverse possession or an estoppel, which is not pretended in this case.
I am perfectly well aware that the distance from Washington street, given in the 7th course, would, if adopted, make the 7th course stop at a point 12 feet 3 inches short of the point to which the distance from Greenwich street, given in the same course, would carry it; and also that the distance from Washington street, given in the 8th course, would make the 9th course stop 2 feet 7 inches short of the point to which the distance from Greenwich street, given in the 9th course, would carry it; also that the line of the 8th course, if drawn between'the two points, fixed by the distances from Washington street, contained in the 7th and 8th courses, would be but 6 inches longer than as called for in the 8th course; whereas that line, if drawn between the two points fixed by the distances from Greenwich street, contained in the 7th and 9th courses, would be one foot four inches longer than as called for in the 8th course.
But I think, upon the principles relating to the construction qf deeds, the distances from Washington street should be disregarded.
There are two well known principles ; ope is, that what is most material and certain governs that which is. less so. TJpon this principle a known stream, marked tree, or mon *436 ument, governs both course and distance, and in such case the call for course and distance is disregarded. (Jackson v. Camp. 1 Cowen, 605.) The other is, that a grant is to be taken most strongly against the grantor, and that where a deed may enure in different ways, the grantee shall have his election which way to take it. (Doe ex dem. Webb v. Dixon, 9 East, 15. Jackson v. Hudson, 3 John., cited from-p. 387.)
In this case the property to be described and conveyed by a grantor owning land extending from Greenwich to Washington street, is a portion fronting on Greenwich, and not on Washington. The description commences at a fixed point on Greenwich street -; the deed then calls for seven courses, each course running a certain, definite distance. These courses and definite distances bring us to a certain, definite fixed point. 'When, then, the deed says that that point is distant 86 feet 6 inches or thereabouts from Washington street, the indefinite and uncertain point indicated by the thereabouts, must give way to the more definite and certain point fixed by the courses and distances from Greenwich street.
Under, then, both of the above principles, the southerly line of the property intended to be conveyed must be regarded as terminating at this definite point; and under the last of the above two principles, the northerly line at the point to which the distance from Greenwich street would carry it, as this is the more favorable to the grantee. These two points being thus ascertained, the 8th course is necessarily determined, as it.is only a connection between them.
It is, however, suggested that this construction requires three changes in the distances given by the deed, while the defendants’ view requires but one. I do not understand, from the case, precisely what the defendants’ view is. If it is that the distance from Washington street was to be taken, then it requires two changes in the distances from Greenwich street, and one in the 8th course. If it is that *437 the distance from Washington street in the 7th course, and the distance to Greenwich street in the 9th course, is to be taken, then an alteration in the distance from Greenwich street, as given in the 1st, 2d, 3d, 4th, 5th and 7th courses, and the distance from Washington street, in the 8th course, requires alteration. The length of the 8th course in this case may require no alteration; but as that is merely to connect two points, a slight alteration in it is not very material. 6
The suggestion, therefore, is not founded on fact, and its force, whatever it may have been, fails. As the boundaries of the land intended to he conveyed can be easily and definitely settled by construing the description in the deed in accordance with established principles of construction, it follows that evidence of declaration or user is inadmissible to aid in such construction.
Were it not, then, that the deed runs the 8th course through the middle of a brick wall, the above considerations would call for a reversal. Evidence was, however, admissible to prove the location of this brick wall, and considerable testimony was adduced on this point.
The referee has found adversely to the plaintiff on this point.' I think he is in error, and that the testimony locates this wall in accord with my view of the proper construction of the description in the deed. The question then is, whether the finding of the referee on the question of the location of this wall is conclusive.
In examining this-1 will give the defendant the full benefit of the principle that the verdict of a jury on a question of fact will not be disturbed, unless the evidence is such that the judge at the trial should have directed a finding the other way; not stopping now to consider whether that rule should be applied in all its strictness to trials before a referee, or to trials in actions in the nature of actions of ejectment. »
The defendant undertook to establish the location of the brick wall, by showing that prior to the building of the *438 extension oñ the Greenwich street premises there was a cooper -shop on the Washington street premises, which rested against a wall dividing the two premises, and that after the extension Was built, the same shop rested against the rear wall of the extension, and by showing that there were privies, the eastern walls of which were in close contact with the western wall of the extension. According to the defendants’ testimony, all these privies, .except one old one in the north-east corner of the disputed tract, were built at a time when there was no wall other than.the rear one of the extension separating the two premises. The contact of these privies to that wall, therefore, does not tend to prove that there had not previously been another wall further to the west. As to the privy in the north-east corner, there is but one witness on the part of the'defense, to wit, Mr. Seholt, who undertakes to say it was there before the extension was built. As to this hereafter.
So, also, none of the defendants’ witnesses except Seholt saw this cooper shop prior to the building of the extension; therefore they cannot say whether it was there or not prior to that time, or if there prior to that time, and rested against a wall, whether when the wall was taken down it was not moved back, or extended to meet the wall of the extension. Thus the defendants’ case rests on the testimony of the witness Seholt. This witness, at the time the occurrences happened of which he testified, was four years old; he had no particular interest in them, and there was nothing to impress his- mind with them; yet after the lapse of thirty years he undertakes to distinctly remember that when the extension was built the old wall crossing the yard was pulled, down, and the extension built on its site. I think it too hazardous to base a judgment upon the powei’s of observation and retentiveness of memory of one of such tender years, upon such a subject as this.
Unless the plaintiff's evidence helps out the defendant, the judgment must be reversed. The evidence on behalf of the plaintiff, so far from assisting the defendant is antag *439 onisfcie to him. Leaving out the testimony of Hart, Fitzsimmons and Cooney, who all testify that subsequent to 1837 there was a wall between the Greenwich and Washington street premises, west of the rear of the extension of the Greenwich street premises, which I will assume to be contradicted by Fiedler, Scholt, Crook and Bennett, who all swear that after 1837 there was no such wall there, still we have the testimony of Frost, the mason, and.Kemp, his foreman, who built the extension, and Bunker, the owner, who caused it to be built, in the spring of 1835, all swearing positively that the rear wall of the extension was not built on the site of the old partition wall, and that such old wall was left standing. These witnesses give the dimensions of the triangular piece between the rear wall of the extension and the old partition wall. True, they do not agree with each other as'to the dimensions, although they do as to the general shape of the space. It is not surprising that they should not carry for a great number of years in their minds distances which it was not important for their work that they should ascertain. Even if they had been examined shortly after the performance of the. work they would probably have differed, as a measurement of these distances was not necessary for their work, and they would only have obtained an idea of them from casual observation by the eye. The one accustomed so to measure distances would be inore likely .to be correct than the others. The mason, who was accustomed to measuring distances by the eye, gives dimensions which, although they do not fully accord with the space covered by the distances given in the deed, from Greenwich street, yet do so very nearly, and are utterly opposed to the idea that the rear wall of the . extension was built on the line of the old brick wall.
These three witnesses were engaged in a work -which necessarily called for. an examination and observation of the position of the walls, and the nature of their employment was such as to impress on their minds that position. To rebut this we have only the testimony of Fiedler, *440 (regarding the testimony of the boy of four years as of no moment,) who at this period but cursorily observed the premises, and who might, upon a mere cursory glance, have easily been led astray by the relative height of the two walls, considering the small space between them, and the obstructions upon the partition wall. Assuming the testimony of the other witnesses for the defendants to be true, it does not controvert that of these three for the plaintiff. They swear there was no such partition wall after 1837, nearly two years after the extension was built and occupied. It may well be that during these two years this partition was demolished, and the cooper shop either built or extended to the rear wall of the extension. This, of course, is assuming the testimony of Hart, Fitzsimmons and Cooney to be incorrect; if their testimony is to be regarded as correct, the case is stronger for the plaintiff. Some reliance' may be placed by the defendants on the acts and declarations of the plaintiff. Assuming these to have been done and made as testified to by the defendants’ witnesses, they undoubtedly show that the plaintiff was under the impression that he had no right beyond the rear wall of the extension, but they cannot be used as admissions to affect his actual rights, unless it be shown that at the time he made them he knew the extent of his rights. The evidence shows that he did not.
I am of opinion there was not sufficient evidence, if the cause had been tried before a jury, to authorize a submission to them of the question of fact whether this old partition wall ran along the present site of the rear wall of the extension, or along the line claimed by the plaintiff; but on the contrary, the jury should have been instructed to find, on the evidence, for the plaintiff. The judgment must, therefore, be reversed, unless the doctrine appertaining to actual location of a boundary, or that appertaining to the settlement of a disputed boundary, are applicable, in which events a further examination might be requisite. I apprehend neither of them are applicable. The first only *441 applies where it is shown that both parties, or those under whom they claim, agreed on'the location of the boundary, or where the party claiming the location to be incorrect, or those through whom he claims, himself or themselves made the location. Neither of these matters appear in this case. The second only applies when there has been a dispute as to the boundary, and that dispute has been adjusted by running the line according to the agreement for its adjustment.
In this case it does not appear that there ever was a dispute until this controversy, and clearly no agreement was ever made to settle such dispute.
Judgment reversed, order of reference vacated, and a new trial ordered, with costs to the appellant to abide the event.